*1145 On Application for a Rehearing.
Nicholls, O. J.
The community between D. M. Giddens and his wife, Mary J. Armi-tead, has never been finally settled and liquidated, and the rights of the spouses fixed and determined. The separate creditor of either spouse has the right after the dissolution of the community to have the community liquidated and to subject according to law, to the satisfaction of his claim, the interest of his debtor thus ascertained. The plaintiff does not pretend to be a creditor of the community. If he be a creditor of Giddens it is for a claim which originated after the community had terminated, and the rights of parties had become fixed by the death of the wife. Even if the title to the property or part of the property involved in this litigation, fell into the community by reason of the time at which it was purchased, this creditor can not deal with an undivided one-half interest in any specific piece of property, as if the husband had the absolute ownership of one undivided one-half interest therein, proceed against it by direct seizure, sell it and apply the proceeds of the sale to the payment of his debt.
He has a remedy, but the remedy is not by direct seizure of an un - divided interest in a specific piece of property. We think the interest of justice will be best subserved by setting aside the judgment heretofore rendered by us in this case, and said judgment is accordingly set aside, and it is now ordered, adjudged and dereed, the law and the evidence supporting this judgment and decree, that so much of the verdict of the jury in this case as “finds that D. M. Giddens owns one-third interest in the Sprowl place, excluding all movable property, and subjects said one-third interest to the payment of this judgment,” and so muth of the judgment of the District Oourt (based on that portion of the verdict) which decrees “that D. M. Giddens is one-third owner on the Sprowl plantation, and that the same be subject to the payment of plaintiff’s claim, interests and costs,” be and the same is hereby annulled, avoided and reversed. It is further ordered, adjudged and decreed that the portion of the judgment appealed from which decrees “ that the transfer and settlement from D. M. Giddens to Albert A. and Robert S. Giddens, of date December 28, 1892, be avoided, annulled and set aside in so far as plaintiff’s claim is affected by same ” be and the same is hereby annulled, avoided and reversed and the case is remanded to the District Oourt for further proceedings according to law, the right of plaintiff being *1146 expressly reserved by proper proceedings to force a final settlement and liquidation of the community between D. M. Giddens and his deceased wife, Mary J. Armistead, and to subject to satisfaction, according to law, for his judgment, the interest of his debtor thus ascertained.
Rehearing refused.
Watkins, J. recused.